13780

TRUESDALE v. BELLINGER, JUDGE, ET AL.

(172 S. E., 784)

Before WHALEY, J., County Court, Richland, July, 1933.

*Mr. Buford Jackson,* for appellant,

*Messrs. Heyward Brockinton* and *Roger M. Heyward,* for respondents,

February 15, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Leon E. Murtiashaw, as administrator of the estate of G. E. Murtiashaw, deceased, brought action in the Court of Probate for Richland County for leave to sell the real estate of his intestate in aid of personal assets to pay the debts

of the estate. By order of the Court the leave was granted and the lands were sold by Hon. G. Duncan Bellinger, Probate Judge, at public outcry, and were bought by L. C. Truesdale, the appellant herein. This action was brought by appellant to recover of the Judge of Probate and his surety, United States Fidelity & Guaranty Company, the sum of $69.16, the amount of State and county taxes alleged to be due on the real estate sold by the Probate Judge in the said proceeding.

The allegations of the complaint, upon which appellant relied as stating a cause of action against the respondents, are:

That at the sale appellant asked if the property was being sold free of all claims and was told by the Probate Judge that "the sale was being made for the purpose of raising money to pay up all indebtedness of the estate."

That appellant's attorney, after the sale, had several conferences with the Judge of Probate when, among other things, the State and county taxes were discussed; that when the purchase money was paid in, appellant's attorney asked the Probate Judge to deduct therefrom the *pro rata* of the taxes for 1931, and was told that only past-due taxes could be so deducted; that the attorney asked if the purchaser should deduct these taxes and was told not to do so, but to make the check to the Probate Judge for the full amount; that he was to pay all claims. That due to the negligence of the Probate Judge in not paying the taxes a lien was left on the property of appellant. That such negligence was a breach of the bond of the Probate Judge which renders him and his surety liable to the appellant in the amount of the taxes, to wit, $69.16. That it was the duty of the Probate Judge to pay the taxes assessed against the estate of the decedent.

The defendants demurred to the complaint for that it did not state a cause of action for the reasons that:

It is not alleged in the complaint that in the action in the Probate Court for leave to sell the lands of the decedent the

taxes upon the property now sought to be recovered of the defendants was proved as a debt against the estate.

That it is not alleged in the complaint that any motion was made by the administrator, or the purchaser, or any other person interested in the estate, before the funds were distributed, to have any specific proceeds of sale applied to the payment of taxes.

That the complaint fails to show a violation of any of the duties resting upon the Probate Judge to pay the taxes which plaintiff seeks to recover.

That if the Probate Judge erred in failing to adjudge any amount due by the estate for taxes on the property sold, this was a judicial error on the part of G. Duncan Bellinger, as Judge of the Probate Court, for which there is no liability at law.

The demurrer was heard by Judge Whaley in the County Court for Richland County who, in an order of date August 31, 1933, sustained the demurrer.

He held that the complaint does not show that any motion was made in the proceeding brought in the Probate Court to sell land in aid of assets; that any part of the proceeds of such sale should be applied to the payment of taxes alleged to be due; that Section 2569, Code of Laws 1932, upon which plaintiff relied, did not impose any duty upon the Judge of Probate to pay the taxes unless a motion for that purpose be made by "any person interested in such real estate or in the purchase or proceeds of the sale thereof."

He further held that under the section (Section 9000, Code of Laws 1932), pertaining to the sale of lands by the Probate Court in aid of assets to pay debts, the Probate Judge, upon selling the land, shall turn over the proceeds to the administrator and he shall pay the debts of the estate. He held further that there is nothing in the order of the Probate Court which directed the Judge of Probate to pay the debts, but that it simply directed that any taxes due and payable should be paid; that the proper construction of that

order was that the taxes were to be paid by the person charged by law with the duty of paying the debts of the estate, viz., the administrator. That no duty is placed by statute upon the Probate Judge requiring him to pay the taxes out of the proceeds of land sold by him in aid of assets to pay the debts of the estate, and his failure to do so would not be a breach of duty.

From this order the appeal is made to this Court, upon seven exceptions, which practically repeat the allegations of the complaint. We think the order of Judge Whaley correctly disposes of the issues made. Let it be reported. We may say, in addition thereto, that when an action is brought in the Probate Court for leave to sell lands in aid of assets to pay debts, the proper practice is for the administrator in his complaint, or petition, to set forth the debts of the estate, properly proved, and the assets available to pay them. When the proceeds of sale are paid to the Court, the Judge may, if he so elect, pay the claims so proved before him, but he may turn over the proceeds of sale to the administrator, who is required to give bond for their proper disbursement. If any one in interest desires that a particular claim be paid, not included in the schedule proved before the Court, he must give notice of it by motion before the funds are disbursed. One of the exceptions alleges as error that the trial Judge held that such notice must be in writing. We do not find from the record that he so held. If he had done so, we do not think it would have constituted error. The Court of Probate is a Court of record and its proceedings must be kept in the record of each case.

It is true that Section 2569, Code 1932, provides that taxes shall be considered and held as a debt payable to the State, and that they shall be a first lien upon the property taxed; the lien to attach at the beginning of the fiscal year in which the tax is levied, etc. But there is in this nothing which makes it the duty of the Judge of Probate to pay the taxes. If, however, he should assume the obligation

of paying the debts of the estate and should negligently fail to pay a debt duly approved that would be an act of negligence which might subject him and his bondsman to liability—that would be a ministerial act. But in the present instance he declined to pay the taxes for that current year because, as he held, they were not then due. He overlooked the fact, as above stated, that the State's lien for taxes attaches from the beginning of the year for which the taxes were levied. If that was error, it was an error made in his judicial capacity for which no liability at law attaches.

It appears from appellant's exceptions that after paying the claims proved before him, the Judge of Probate turned over to the administrator $778.00 of the proceeds of sale. The record is silent as to whether appellant ever demanded of the administrator that he pay these taxes. This matter is of interest in connection with the issue that no motion was made that these taxes be paid before the funds arising from the sale of the lands be distributed.

The appeal is dismissed. The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.